# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 9707 | **DATE** | February 4, 2013 |
| **CASE TITLE** | Ellis Partee (2011-0124163) vs. Osborne, et al. | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] without prejudice to reconsideration should he renew his motion in compliance with this order. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee and (2) submit an amended complaint. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this matter in its entirety.

■[ For further details see text below.]                                         Docketing to mail notices.

## STATEMENT

Plaintiff, a detainee in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

The Clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with the rules of this court. To enable the court to make the necessary assessment of an initial partial filing fee, the prisoner must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, Plaintiff's i.f.p. petition does not include copies of his jail trust fund ledgers for the relevant time period.

If Plaintiff wants to proceed with this lawsuit, he must submit a certified i.f.p. petition, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from June 4, 2012, through December 4, 2012].Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

Furthermore, Plaintiff must submit an amended complaint.

Plaintiff alleges that on October 5, 2010, he was falsely arrested by Chicago Police Officers and that several Chicago Police Officers used excessive force on Plaintiff during the arrest. Following the excessive force, the police officers were deliberately indifferent to the medical attention that he needed in light of the injuries he sustained.

On October 6, 2010, Plaintiff was taken to the hospital but, upon hearing that Plaintiff had been arrested for attacking an elderly couple, the nurse and doctor refused to treat Plaintiff's injuries. On October 7, 2010, another John Doe refused to allow Plaintiff to receive medical treatment for his injuries.

On October 12, 2010, Plaintiff was transferred to Stateville Correctional Center Northern Reception Center (NRC). At that time, Plaintiff was told by an unknown Physician Assistant that he would and could not obtain treatment for his eye at the NRC. In November and December of 2010, Plaintiff gave the Warden of Programs and a superintendent state court orders requiring that he be seen by an "eye doctor" and that he receive eyeglasses. The court orders were ignored and Plaintiff did not receive treatment. On January 24, 2011, Plaintiff was transferred to Cook County Jail. At that time, an unknown individual at Cermak Hospital refused to treat Plaintiff's injuries

| STATEMENT |
|---|

stemming from the excessive force.

Plaintiff also alleges that he was denied access to the law library at Cook County Jail.

Plaintiff must submit an amended complaint. First, Plaintiff's complaint contains unrelated claims against unrelated defendants. Plaintiff's claims regarding the lack of proper medical care for the injuries he sustained are unrelated to his claims of being denied access to the law library. These distinct claims must be brought in different suits. Unrelated claims involving unrelated defendants must be brought in separate suits. *George v. Smith*, 507 F.3d 605, 606-07 (7th Cir. 2007).

It also appears that Plaintiff's claims based on occurrences prior to November 12, 2010, are time-barred. Plaintiff's complaint is dated October 9, 2012. Plaintiff's motion for leave to proceed *in forma pauperis* is dated October 7, 2012. Plaintiff's motion for the appointment of counsel is dated November 12, 2012. The envelope including all of Plaintiff's filings was received on December 4, 2012. Giving Plaintiff all the benefit of doubt, Plaintiff's complaint is deemed filed on November 12, 2012, the earliest date he could have given it jail officials for mailing based on the motion for the appointment of counsel that is dated November 12, 2012. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (under the "mailbox rule," prisoner pleadings are considered filed when given to the proper prison authorities for mailing, not when received by the district court clerk).

Plaintiff brings claims related to his October 5, 2010, arrest pursuant to 42 U.S.C. § 1983. Federal courts borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261 (1984). The applicable statute in this instance is 735 ILCS 5/13-202, which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

A Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Thus, any claims directly related to an arrest would have accrued at the time of the arrest. *See Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995). The statute of limitations for Plaintiff's Section 1983 claims based on his October 5, 2010, arrest would have arose on October 5, 2010. Plaintiff new at the time of his arrest that he was being wrongfully arrested. *See Wallace*, 440 F.3d at 423; *Perez*, 57 F.3d at 505. Accordingly, these claims appear to be time-barred because they the statute of limitations had run on October 5, 2012 (and all other claims up to November 12, 2010, would have run on November 12, 2102. Plaintiff is also warned that any John Doe Defendants he seeks to include as a Defendant in any amended complaint must be identified and named as a Defendant prior to the two-year statute of limitations running on the claim against the presently unknown Defendant. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-58 (7th Cir. 1993) (finding that the amended complaint that identified unknown defendants did not relate back to the original complaint and the claims against the newly-identified defendants were time-barred).

Based on the above, the Court dismisses the complaint on file without prejudice. Plaintiff must submit an amended complaint on the Court's required form.

Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.